UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY ROBINSON COLOP SALANIC,

Petitioner,

v.

JEFFERSON B. SESSIONS, et al.,

Respondents.

CASE NO. C17-809-RSL-BAT

**REPORT AND RECOMMENDATION**

Henry Robinson Colop Salanic, a Guatemalan citizen, initiated this 28 U.S.C. § 2241 habeas action to obtain release on bond from immigration detention. The Government has moved to dismiss. Dkt. 4. Mr. Colop did not file a response. As discussed below, the Court recommends that the Government's motion to dismiss be **GRANTED**, Mr. Colop's habeas petition be **DENIED** as moot, and this action be **DISMISSED** without prejudice.

## BACKGROUND

Mr. Colop entered the United States in June 2011. Dkt. 1 at 5. On March 17, 2017, he was arrested by U.S. Immigration and Customs Enforcement ("ICE") and placed in removal proceedings under charges of being a non-citizen who was not admitted or paroled into the country. *See* Dkts. 5-4, 5-5, 5-6. ICE made the initial custody determination to hold him without bond. Dkt. 5-7. Mr. Colop requested a bond redetermination hearing before an Immigration

Judge ("IJ"), and on April 4, 2017, the IJ determined he was a flight risk and denied bond. Dkts. 5-8, 5-9, 5-12. On April 6, 2017, Mr. Colop appealed the IJ's bond determination to the Board of Immigration Appeals ("BIA"). Dkt. 5-10.

On May 24, 2017, while his BIA bond appeal was still pending, Mr. Colop initiated the instant habeas action, seeking release on bond because the IJ abused his discretion and violated Mr. Colop's due process rights. Dkt. 1. After the petition was served, the Government moved to dismiss, arguing that Mr. Colop is lawfully detained and failed to exhaust his administrative remedies by filing this action before the BIA ruled on his bond appeal. Dkt. 4.

On July 26, 2017, the BIA remanded Mr. Colop's case to the IJ to set a reasonable bond. Dkt. 7-1. Mr. Colop's bond hearing is scheduled for August 11, 2017, the same day as the merits hearing for his removal action. Dkt. 7 at 2.

## DISCUSSION

ICE has the statutory authority to detain Mr. Colop during his removal proceedings or to release him on bond or conditional parole. 8 U.S.C. § 1226; *see also Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). If an IJ denies bond, a detainee may appeal to the BIA. 8 C.F.R. § 236.1(d)(3). After the BIA issues a decision, the detainee may seek habeas relief from the district court. *Leonard v. Crawford*, 646 F.3d 1157, 1159-61 (9th Cir. 2011) (proper procedure to challenge IJ's bond determination is to appeal to the BIA, wait for the BIA to render its decision, and then file a habeas petition in the district court); *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011) (administrative exhaustion of immigration bond determinations is prudential, rather than jurisdictional); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (prudential exhaustion requirements may be waived).

At the time Mr. Colop initiated this lawsuit, the BIA had not yet ruled on his bond appeal, and therefore he had not exhausted his administrative remedies. *See Leonard*, 646 F.3d at 1159-61. The BIA subsequently remanded to the IJ to set a reasonable bond.[1] Thus, petitioner has received the relief he requests here—release on a reasonable bond—and his habeas petition should be dismissed as moot. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (claims are moot where court cannot provided the requested relief); *Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot portion of habeas petition challenging detention without bond upon grant of bond hearing).

## CONCLUSION AND RIGHT TO OBJECT

The Court recommends that the Government's motion to dismiss, Dkt. 4, be **GRANTED**, Mr. Colop's habeas petition be **DENIED** as moot, and this action be **DISMISSED** without prejudice. A proposed Order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **August 23, 2017.** The Clerk should note the matter for **August 25, 2017**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date

---

[1] The reasonableness of the amount of a bond is not subject to judicial review. *See* 8 U.S.C. § 1226(e) ("[N]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any [non-citizen] or the grant, revocation, or denial of bond or parole."); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008) (finding no jurisdiction to review the reasonableness of a $15,000 bond alleged to be too expensive for the petitioner to afford); *Aurel v. ICE Field Office Director*, No. 13-cv-627-RSM, 2013 WL 5786146, at *2 (W.D. Wash. Oct. 28, 2013) ("[T]he Court is not permitted to review the determined bond amount for reasonableness."); *Karanja v. Clark*, No. C08-1351-TSZ-BAT, 2009 WL 86489 (W.D. Wash. Jan. 12, 2009) (concluding that the court was not entitled to review the petitioner's allegedly excessive $20,000 bond).

the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 9th day of August, 2017.

BRIAN A. TSUCHIDA  
United States Magistrate Judge